IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

RICHARD L. MILLER, JR.
and MICHELLE L. MILLER,

        Plaintiff,

v.                                                                CIVIL ACTION NO.  5:08-cv-01184

DELL FINANCIAL SERVICES, L.L.C.,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiffs Richard L. Miller and Michelle L. Miller's Motion for Partial Summary Judgment [Docket 14].  For the reasons stated below, this motion is **DENIED**.

*I.  BACKGROUND*

This action arises from the allegedly unlawful debt collection actions of Defendant Dell Financial Services, LLC, against Plaintiffs Richard and Michelle Miller.  Plaintiffs' complaint contains nine counts, all of which assert claims under West Virginia law.  This action originally was filed in the Circuit Court of Raleigh County on September 11, 2008.  On October 15, 2008, Defendants removed the action by invoking this Court's diversity jurisdiction under 28 U.S.C. §§ 1332, 1441.

In the pending motion, Plaintiffs seek summary judgment in their favor on claims asserted under a provision of the West Virginia Consumer Credit Protection Act that prohibits "[a]ny

communication with a consumer whenever it appears that the consumer is represented by an attorney and the attorney's name and address are known, or could be easily ascertained." W. Va. Code § 46A-2-128(e). Plaintiffs aver that Defendant violated this provision twenty-two times by placing calls to Plaintiffs' home "after it 'appeared' that Plaintiffs were represented by an attorney.'" (Doc. 15 at 3–4.) In support of this averment, Plaintiffs have submitted a handwritten record of calls to their home and the affidavit of Michelle Miller. (Docs. 14-2, 14-3.) On the strength of these documents, Plaintiffs maintain that there exist no issues of material fact that Defendant violated section 46A-2-128(e).

Defendant presents several arguments in opposition to the motion for partial summary judgment, including arguments that the motion is premature, that there exists a genuine dispute over material facts, and that the motion should be denied as a matter of law. With respect to the first argument, Defendant maintains that it has not had the opportunity to depose a corporate representative with knowledge of Plaintiffs' claim and that its records of collection calls do not match those of Plaintiffs.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is proper where the pleadings, depositions, and affidavits in the record show that there is "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party bears the burden of showing that there is no genuine issue of material fact, and that it is entitled to judgment as a matter of law. *Celotex Corp.*, 477 U.S. at 322–23. When determining whether there is an issue for trial, the Court must view all evidence in the light most favorable to the non-moving party. *Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123 (4th Cir.

1990). "[T]he nonmoving party nonetheless must offer some 'concrete evidence from which a reasonable juror could return a verdict in his favor.'" *Piedmont Behavioral Health Ctr., LLC v. Stewart*, 413 F. Supp. 2d 746, 751 (S.D. W. Va. 2006) (Goodwin, J.) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986)).

Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. "The nonmoving party must satisfy this burden of proof by offering more than a mere 'scintilla of evidence' in support of his or her position." *Stewart*, 413 F. Supp. 2d at 751 (citing *Anderson*, 477 U.S. at 252). However, a motion for summary judgment is premature if it is brought before the nonmoving party has had "adequate time for discovery." *Lone Star Steakhouse & Saloon v. Alpha of Va., Inc.*, 43 F.3d 922, 928 (4th Cir. 1995). Deciding a case summarily before adequate discovery and on the basis of an incomplete record "works an injustice." *White v. Investors Mgmt. Corp.*, 888 F.2d 1036, 1041 (4th Cir. 1989).

### III. DISCUSSION

The burdens applied to parties bringing and contesting motions for summary judgment are carefully crafted to balance the oftentimes competing interests of affording litigants all opportunities to succeed on their claims and promoting judicial economy. The moving party's burden is to demonstrate that there is no dispute as to a material fact and that he is entitled to judgment as a matter of law. This standard aims to prevent the undue deprivation of the nonmoving party's right to test factual disputes at trial. However, this standard is manifestly unfair to the party resisting

summary judgment if he has not had an adequate opportunity to explore the moving party's factual allegations through discovery. *See White*, 888 at 1041.

A motion for summary judgment is premature when filed before the parties have had adequate time for discovery. What the Court considers an adequate time for discovery is embodied in its scheduling orders. In this case, discovery has been progressing in accordance with the Court's scheduling order and the deadline for completing discovery has not passed. Defendant maintains that further discovery is needed to develop facts relevant to Plaintiffs' motion for summary judgment. Defendant is entitled to conduct discovery at its own pace and according to its own schedule, provided that it does so within the time constraints of the scheduling order. Consequently, the motion must be **DENIED** as premature.[*]

## IV. CONCLUSION

For the reasons stated above, Plaintiffs' Motion for Partial Summary Judgment [Docket 14] is **DENIED** as premature.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: May 13, 2009

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE

---

[*] The Court does not reach the merits of Defendant's other arguments in opposition to the motion for summary judgment.