IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

RICHARD L. MILLER, JR.
and MICHELLE L. MILLER,

        Plaintiff,

v.                                    CIVIL ACTION NO.  5:08-cv-01184

DELL FINANCIAL SERVICES, L.L.C.,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

    Before the Court is Plaintiffs Richard Miller and Michelle Miller's Motion for Relief Pursuant to FRCP Rule 60(b) from Order of the Court Directing Arbitration of Michelle Miller's Claim and Staying Richard Miller's Claim Pending Arbitration [Docket 30].

*I.  BACKGROUND*

    In January of 2003, Michelle Miller, then Michelle Johnson, opened a credit account serviced by Defendant Dell Financial Services LLC (DFS).  The account could be used to finance the purchase of computer equipment from Dell, Inc.  DFS mailed a Dell Preferred Account Credit Agreement (Agreement) to Michelle which contained the terms and conditions of the credit account.  It also contained the arbitration clause at issue here.  The Agreement specified that Michelle would be bound by its terms if she did not notify DFS of her rejection of them within twenty-four hours and if she thereafter accepted any goods financed with the DFS account.  Michelle subsequently

married Richard Miller, who is not a signatory to the Agreement. The account was used for a number of purchases between the date it was opened and April 2008.

DFS's alleged actions to collect debts owed on the account, including telephone calls and letters to Plaintiffs, form the factual basis for the claims in the complaint. The complaint asserts multiple claims under the West Virginia Consumer Credit and Protection Act, W. Va. Code §§ 46A-1-101 *et seq.*, the state statue prohibiting harassing telephone calls, W. Va. Code § 61-8-16, and common law.

By Order of June 23, 2009, the Court referred Michelle's claims to arbitration in accordance with the terms the Agreement. As Richard was not a party to the Agreement, his claims were stayed pending the outcome of the arbitration.

Plaintiffs now seek relief from the Court's June 23, 2009, Order under Rule 60(b) of the Federal Rules of Civil Procedure. The Agreement's arbitration clause permits the party filing a claim to select among three arbitration administrators: the National Arbitration Forum (NAF), the American Arbitration Association (AAA), or JAMS. On July 17, 2009, the NAF consented to the entry of a judgment in a Minnesota court which required that it cease participating in consumer debt arbitrations as of July 24, 2009. On July 27, 2009, the AAA announced that it would no longer arbitrate certain consumer debt disputes initiated by debt collectors. Plaintiffs argue that the Agreement's arbitration clause has become void and unenforceable because they have been deprived of the right to select two of the three designated arbitration administrators.

This matter is fully briefed and ripe for the Court's consideration.

*II. DISCUSSION*

Rule 60(b) permits parties to obtain relief from final judgments, orders, or proceedings for any of six reasons. Plaintiffs do not specify under which subsection of Rule 60(b) they are seeking relief. Their request appears to fall within the ambit of the rule's catchall section, Rule 60(b)(6), which extends to "any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b)(6). This subsection "provides the court with a grand reservoir of equitable power to do justice in a particular case" and is reserved for "extraordinary circumstances." *Reid v. Angelone*, 369 F.3d 363, 374 (4th Cir. 2004) (quoting *Eberhardt v. Integrated Design & Constr., Inc.*, 167 F.3d 861, 872 (4th Cir. 1999)). The moving party bears the burden demonstrating that relief is warranted. *McLawhorn v. John Daniel & Co., Inc*. 924 F.2d 535 (4th Cir. 1991). Orders referring disputes to arbitration may be reviewed under Rule 60(b). *See O.N. Equity Sales Co. v. Gibson*, 553 F. Supp. 2d 652 (S.D. W. Va. 2008) (Chambers, J.).

The question raised by Plaintiffs' motion is whether the unavailability of the NAF and AAA to administer the arbitration of Michelle's claims renders the arbitration clause void and unenforceable. The existence of a valid and enforceable contract is governed by the contract formation and interpretation principles of the forum state. *Cara's Notions, Inc. v. Hallmark Cards, Inc.*, 140 F.3d 566, 569 (4th Cir. 1998). The scope and interpretation of a valid arbitration clause, however, is governed by the "federal substantive law of arbitrability." *Int'l Paper Co. v. Schwabedissen Maschinen & Anlagen GMBH*, 206 F.3d 411, 417 n.4 (4th Cir. 2000) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983)). The Court previously found that the arbitration clause in the Agreement is valid and enforceable under the laws of West

Virginia. Thus, Plaintiffs' present challenge to the arbitrability of Michelle's claims is governed by federal law.

When construing the provisions of an arbitration agreement, "due regard must be given to the federal policy favoring arbitration." *Cara's Notions, Inc.*, 140 F.3d at 569 (citing *Volt Info. Scis., Inc. v. Bd. of Trs. of Leland Stanford Jr. Univ.*, 489 U.S. 468, 475–76 (1989)). All doubts regarding the arbitrability of claims should be resolved in favor of submitting the claims to arbitration. *Hooters of Am. v. Phillips*, 39 F. Supp. 2d 582, 609 (4th Cir. 1998). Consonant with this policy, the failure or refusal of the arbitrator named in the agreement to hear the dispute generally will not invalidate the agreement. *See Brown v. ITT Consumer Fin. Corp.*, 211 F.3d 1217, 1222 (11th Cir. 2000); *see also* 9 U.S.C. § 5 (empowering courts to appoint a substitute if the arbitrator provided for in the agreement cannot or will not perform). The unavailability of the chosen arbitrator will invalidate the agreement "[o]nly if the choice of forum is an integral part of the agreement to arbitrate," *Reddam v. KPMG LLP*, 457 F.3d 1054, 1060 (9th Cir. 2006) (quoting *Brown*, 211 F.3d at 1222), as opposed to an "ancillary logistical concern," *Zechman v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 742 F. Supp. 1359, 1364 (N.D. Ill. 1990). The chosen arbitration forum may be integral to the agreement, for example, if the arbitrator's rules will have a substantive effect on the party's claims, *e.g.*, *Smith Barney, Inc. v. Critical Health Sys.*, 212 F.3d 858, 862 (4th Cir. 2000); if the arbitrator possesses specialized knowledge or expertise regarding the subject of the dispute, *e.g.*, *Grant v. Magnolia Manor-Greenwood, Inc.*, 678 S.E.2d 435, 439 (S.C. 2009); or if the agreement otherwise evidences a "dominant intent" of the parties that claims could only be heard by the named arbitrator, *e.g.*, *Gutfreund v. Weiner*, 68 F.3d 554, 661 (2d Cir. 1995).

In this case, Plaintiffs assert that the choice of arbitration administrator provision is integral to the Agreement, but they fail to demonstrate how this is so. The Agreement's arbitration clause provides, in pertinent part: "The party initially requesting that a Claim be settled by arbitration shall have the right to select one of the following three arbitration administrators: the National Arbitration Forum ["NAF"]; the American Arbitration Association ["AAA"]; or JAMS." (Docket 17-2.) The wording of the Agreement does not give any indication that the three administrators were named as anything but an ancillary logistical concern. Plaintiffs have not cited any rules or procedures particular to the three named arbitration administrators that would substantively affect the resolution of their dispute. The named administrators handle all manners of arbitration; they do not appear to have been named for their specialized knowledge or expertise in consumer debt disputes.

Moreover, the intent of the Agreement's arbitration selection provision has not been completely frustrated. One or two[*] of the three administrators named in the Agreement remain available to Michelle. Thus, although Michelle may have fewer options available, she nonetheless will be submitting her claims to an arbitration administrator contemplated by the Agreement. Furthermore, Plaintiffs have not suggested that JAMS will provide a less desirable arbitrator than the NAF or AAA.

### III. CONCLUSION

Plaintiffs have not met their burden of demonstrating that the relief from the Court's Order of June 23, 2009, is merited under Rule 60(b). Accordingly, their motion for relief [Docket 30] is **DENIED**.

---

[*] Defendant argues that the AAA is available to administer the arbitration of this dispute because it still accepts cases filed by consumers against creditors. The Court need not decide whether the AAA is available because it would not affect the disposition of this motion.

**IT IS SO ORDERED.**

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

        ENTER:    February 4, 2010

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE